IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| N.T. *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | CIVIL NO. JKB-11-356 |
| BALT. CITY BD. SCH. COMM'RS *et al.*, | * | |
| Defendants | * | |

\* * * * * * * * * * * *

## MEMORANDUM AND ORDER

In reviewing the record in this case, the Court has found a suggestion of mootness as to a portion of the claims asserted by Plaintiffs. This suggestion of mootness is reflected in the following colloquy that occurred at the hearing on April 2, 2012, when the completeness of Plaintiffs' answers to interrogatories was being discussed:

> MS. ROBINSON: It's possible that the answers are now responsive. However, it is now April 2nd. It is far beyond the discovery deadline. It is far beyond the date that the Court set for dispositive motions. Had Ms. Linzer asked for leave of the Court to have additional time to answer the interrogatories, I can say, Your Honor, we would not have objected. While its [sic] has been the plaintiff's position to object to our requests, we would not have objected, because we understand that at times it can be difficult to do as much in the time that you have. Moreover, *had there been any indication at the time that the plaintiffs were living in another state* --
>
> THE COURT: Well, what's the prejudice to you to not having answers to your interrogatories, at least not until now --
>
> MS. ROBINSON: Well, I can --
>
> THE COURT: And what remedy are you seeking from the Court in that relation?
>
> MS. ROBINSON: Your Honor, I would submit that the prejudice has been *at some point prior to the initial set of deficient responses being sent, there was indication that the plaintiffs had moved to Florida.* The prejudice to us at this point, at learning it at such a late date, is *we would have liked to have had an*

>*opportunity to maybe seek out additional information from the local school district in Florida*, which may have some relevant information to this proceeding.

(Emphasis added.)

Although Plaintiffs' move to another State may not moot the entire case, it would seem to moot Plaintiffs' request for injunctive relief that would mandate Baltimore City provide a free, appropriate public education ("FAPE") to the minor Plaintiff.  Accordingly, the parties are directed to provide supplemental briefing that includes a clear statement of the name of the public school district where Plaintiffs live and a succinct discussion (no more than five pages) of the effect of any residency by Plaintiffs outside the jurisdiction of Baltimore City on their request for a mandated FAPE.  Both parties shall submit their supplemental briefs on or before May 17, 2012.  No replies will be permitted.

DATED this 3rd day of May, 2012.

BY THE COURT:

/s/
James K. Bredar
United States District Judge